UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
DOCKET NO. 5:16-ct-03211

| | |
|---|---|
| **WALTER SCOTT DAVIS, JR.,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| W. EARL BRITT; JAMES C. FOX; JAMES C. ) | |
| DEVER, III; LOUISE W. FLANAGAN; ) | |
| TERENCE BOYLE; MALCOLM J. HOWARD; ) | |
| JAMES C. GATES; REBECCA BEECH SMITH; ) | |
| ET AL., ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the court on initial review of the Complaint in accordance with 28 U.S.C. § 1915A. Plaintiff is a pretrial detainee hospitalized by the Bureau of Prisons at the Federal Medical Center in Butner, North Carolina. Review of PACER reveals that plaintiff has filed or been a party to a number of actions in the Eastern District of North Carolina and the Eastern District of Virginia since his arrest in United States v. Davis, 5:14cr240 (E.D.N.C. 2014). On September 9, 2016, this matter was assigned to the undersigned and, pursuant to such assignment, the undersigned sits by designation in the Eastern District to resolve this matter. Order (#12)

In addition to the Complaint (#1), the court has reviewed additional pleadings filed by plaintiff including his Notice of Paid Complaint (#3), his Motion for Recusal and Disqualification (#5), Memorandum of Law (#6), Letter Regarding Obtaining a Copy of the Complaint (#7), Supplemental Complaint (#8), Notice of Supplemental Defendant (#9), Notice of Lawsuit (#10), and Letter form Plaintiff (#11). While there is a pre-filing injunction in place in this district

-1-

concerning Mr. Davis' filings, see Davis v. Mitchell, 5:12cv493 (E.D.N.C. 2014) (Order (#54), such injunction only places limits on plaintiff filing actions *in forma pauperis*. On or about September 2, 2016, plaintiff paid the $400 filing fee placing this Complaint outside the strictures of that Order. For the reasons that follow, the court dismisses this action with prejudice as it is frivolous and malicious under Section 1915A.

## FINDINGS AND CONCLUSIONS

### I. Initial Review of Prisoner Complaints

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.), cert. denied, Leeke v. Gordon, 439 U.S. 970 (1978), and a federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. See Hughes v. Rowe, 449 U.S. 5, 9-10 & n. 7 (1980)(*per curiam*); and Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. Fine v. City of New York, 529 F.2d 70, 74 (2nd Cir.1975). Even under this less stringent standard, a civil complaint against governmental officials, even one where the filing fee is paid, is subject to summary dismissal under Section 1915A.

### II. Review of the Complaint and other Pleadings

Plaintiff's handwritten Complaint and the pleadings that follow are at times unreadable; however, the court has closely read all the pleadings and it appears that plaintiff has attempted to assert claims for "fraud, fraudulent concealment, conspiracy to conceal False Claims Act violation, undermine 28 U.S.C. 351 investigation, and N.C. State Bar investigation, fraudulently fabricate evidence [under] DSM-5 301.§1, 311, malicious abuse of process..." against judicial officers of

the Eastern District of North Carolina and the Eastern District of Virginia (hereinafter "judicial defendants"). Complaint (#1) at ¶ 1(c). Under Section 1915A, such defendants are governmental employees.

Although not named in the caption of the Complaint except by an "*et al.*" notation, plaintiff also attempts to sue a number of other people in paragraphs I(D), (E) and I(F). These additional defendants appear to also be federal employees. Complaint (#1) at ¶ 1(E). Due to plaintiff's penmanship, the court cannot make out with any certainty the names of these employees, but the court concludes from the context of the pleading that these defendants (hereinafter "BOP defendants") are employees of medical unit at Butner, where plaintiff is presently hospitalized as directed by the court in United States v. Davis, supra, an ongoing criminal prosecution. In that action, the trial court earlier determined that Mr. Davis was not then competent to proceed to trial and committed him to the custody of the Attorney General for hospitalization and to attempt to restore competency. As to these defendants, plaintiff attempts to assert claims for "fraudulent fabrication of evidence DSM-5 301 § 1, 311, character assassination, libel, slander, defamation, patient abuse, sexual harassment, deliberate indifference, fraudulent concealment of medical and social worker malpractice, conspiracy…." Complaint (#1) at ¶ 1(E).

In addition to the first two categories of defendants, plaintiff has attempted to sue in his Supplemental Complaints other defendants in what can best be described as a mix of federal, state, and private defendants. While fully explored infra, it appears that plaintiff is attempting to again sue many of the same defendants he has sued in earlier actions. The court has also given consideration to plaintiff's Memorandum of Law which appears to be an accumulation of pages

from a number of cases dealing with pro se litigation, with what appear to be plaintiff's own hand written notes. The Supplemental Complaint is summarized and reviewed in Section III(C) infra.

### III. Discussion

Under Section 1915A, this court is required to review the Complaint and other materials to determine whether any cognizable claims have been asserted and, if not, to then dismiss the Complaint if it: "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §§ 1915A(b)(1) & (2). Review of the Complaint and all the materials submitted thereafter reveals that dismissal is appropriate as the Complaint and the Supplemental Complaint violate Sections 1951A(b)(1) and (2).

#### A. Claims against the Judicial Defendants

First, the court has closely reviewed the claims against the judicial defendants. Clearly, plaintiff's claims all relate to actions taken by these judges in their official capacities as federal judges and as such, the claims arise out of these defendants' official duties. Judges have absolute immunity from a claim for damages arising out of their judicial actions. Mireles v. Waco, 502 U.S. 9 (1991); Stump v. Sparkman, 435 U.S. 349, 351–364 (1978); Pressly v. Gregory, 831 F.2d 514, 517 (4th Cir.1987); and Chu v. Griffith, 771 F.2d 79, 81 (4th Cir.1985) ("It has long been settled that a judge is absolutely immune from a claim for damages arising out of his judicial actions."). Not only are judges immune from claims for monetary damages, they are immune from requests for injunctive relief, such as those made by plaintiff herein. Gilbert v. Ferry, 298 F.Supp.2d 606, 612 (E.D.Mich.2003), aff'd 401 F.3d 411 (6th Cir.2005); Bolin v. Story, 225 F.3d 1234, 1242 (11th Cir.2000). See also 42 U.S.C. § 1983 (limiting when injunctive relief may be granted against a

judicial officer). The claims against the judicial defendants will be dismissed under Rule 12(b)(6) as plaintiff has failed to assert any cognizable claims and as frivolous as the judicial defendants enjoy absolute immunity from this suit.

### B. Claims against BOP Defendants

#### 1. FTCA Claims against Named Federal Employees

In bringing claims against the BOP defendants, plaintiff contends that he has been obstructed in using the prisoner grievance system, see Complaint (#1) at ¶¶ III(A)-(C), and that the requirement of exhaustion has been waived.[1] For purposes of this review, the court has accepted such contention as true.

Even if plaintiff had filed a Standard Form 95 with the Regional Office of the Bureau of Prison and BOP had issued a decision denying that claim (thereby exhausting his administrative remedies), his suit against BOP employees is still subject to summary dismissal under the Federal Torts Claims Act (hereinafter "FTCA"). A suit under the FTCA lies only against the United States of America, and a federal district court lacks subject-matter jurisdiction over claims asserted against federal agencies or, as named herein, individual federal employees. Myers and Myers, Inc. v. United States Postal Service, 527 F.2d 1252, 1256 (2nd Cir. 1975). Inasmuch as plaintiff's has

---

[1] The court has paid particular attention to plaintiff's contention that he was obstructed in utilizing the BOP's grievance system or Administrative Remedy Procedure (hereinafter "ARP"), and has been accepted such contention as true for purposes of this review. Mindful of the recent holding in Ross v. Blake, ___ U.S. ___, 136 S. Ct. 1850, 195 L. Ed. 2d 117 (June 6, 2016), this court has, for purposes of Section 1915A review, treated plaintiff's claims as if he had exhausted his administrative remedy. In Ross, the Court held that a prisoner's non-exhaustion may be excused under the PLRA where the remedy is unavailable, which can occur when "prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." Id. at 1858-60.

Case 5:16-ct-03211-BA   Document 13   Filed 09/12/16   Page 5 of 10

asserted claims against federal employees and not the United States of America,[2] the court will dismiss those claims for lack of subject-matter jurisdiction.

### 2. *Bivens* Claims against Federal Employees

On the face of the Complaint, plaintiff has used the words "*Bivens* Action." Complaint (#1) at 1. In Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), the Supreme Court created, apart from the FTCA, an independent cause of action for monetary damages against federal officials, acting under color of federal law, who violate an individual's constitutional rights. Yokum v. Frank, 937 F.2d 604, 1991 WL 118008, *2 (4th Cir. July 3, 1991). In the context of a person incarcerated in the BOP bringing a Bivens action, the Supreme Court has held, as follows:

> [i]f a federal prisoner in a BOP facility alleges a constitutional deprivation, he may bring a *Bivens* claim against the offending individual officer, subject to the defense of qualified immunity. The prisoner may not bring a *Bivens* claim against the officer's employer, the United States, or the BOP. With respect to the alleged constitutional deprivation, his only remedy lies against the individual.

Corr. Servs. Corp. v. Malesko, 534 U.S. 61, 72 (2001). Read in a light most favorable to plaintiff, he only alleges in conclusory fashion state-law torts against these federal officials, not cognizable federal constitutional claims.

The court has paid particular attention to plaintiff's use of the term "deliberate indifference" at paragraph 1(E) of the Complaint, which usually implies an Eighth Amendment violation; however, where, as here, the person is a pretrial detainee, such a reference would be

---

2     In his "Supplemental Complaint," plaintiff mentions for the first time the "United States" as a defendant and then in summary fashion states "FTCA." Plaintiff has not, however, stated a cognizable claim against the United States of America as he failed to provide the court with any plausible allegations of fact outlining any tortious act. Put another way, at no point does plaintiff provide the court with any specific wrongs, at the hands of any specific person, that occurred on any specific dates, and that resulted in any specific harm. Simply naming a defendant and asserting that a tort occurred is not enough as plaintiff must allege sufficient plausible facts to actually state a cause of action.

considered a Due Process claim. City of Revere v. Mass. Gen. Hosp., 463 U.S. 239, 244 (1983). Concerned that plaintiff may be asserting some sort of mistreatment by a BOP employee, the court has searched the record for any expansion on that bare assertion and can find none.

A cognizable constitutional claim cannot be asserted by employing a term of art, such as "deliberate indifference," without including plausible allegations that could support such a claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007). To allege a Due Process claim based on deliberate indifference to a medical need while a pretrial detainee, plaintiff must first assert an "objectively, sufficiently serious" medical condition, Farmer v. Brennan, 511 U.S. 825, 834 (1994), and then allege that the government official acted with a "sufficiently culpable state of mind." Id. The pleadings are devoid of any allegations that could satisfy the requirements of Farmer. Even construing the Complaint as an attempt to allege Bivens claims against the BOP defendants, plaintiff's Complaint fails to allege or, for that matter, even mention plausible allegations of fact that could amount to a violation of protections afforded under the United States Constitution. Such claims are dismissed in accordance with Rule 12(b)(6) as plaintiff has failed to allege plausible facts that could support any Bivens action against the individual BOP defendants.

C. **Additional Claims and Defendants in the "Supplemental Complaint"**

Among the additional pleadings filed by plaintiff after filing the Complaint is his "Supplemental Complaint" (#9). In this paper writing, plaintiff names a number of other defendants, including the "US District Attorney for Eastern District of North Carolina," numerous other BOP employees, the Federal Bureau of Investigation, the Law Firm of Poyner & Spruill,

-7-

other law firms,[3] additional federal employees, the UNC School of Medicine, UNC Health Care System, and others in three additional pages of names. Near some of these names plaintiff has placed what appear to be phrases which the court construes to be his attempt to assert claims against these defendants.

1.     **Frivolousness**

Having reviewed a number of the cases plaintiff has previously filed or been a party to in this district and the Eastern District of Virginia, it appears that he is attempting to relitigate issues he has previously litigated unsuccessfully in those actions – actions which ultimately resulted in a pre-filing injunction, which has proved less than effective in curtailing plaintiff's filings. At this point, it is obvious to the court that plaintiff is attempting to outfox the court's pre-filing injunction by paying the filing fee (thereby avoiding pre-filing review) and then cramming into one action all the grievances he has, or previously had, against those he believes have wronged him in the ongoing criminal process or in other disputes he had with state authorities that predated the criminal action. When the court considers the entirety of the pleadings filed in this action alongside the pleadings and decisions in plaintiff's previous cases, plaintiff has not presented anything of substance that he has not presented in his previously litigated causes of action.

A complaint is frivolous where "it lacks an arguable basis ... in law." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Legally frivolous claims are based on an "indisputably meritless legal theory" and include "claims of infringement of a legal interest which clearly does not exist." Adams v. Rice, 40 F.3d 72, 74 (4th Cir.1994) (quoting Neitzke, 490 U.S. at 327). A complaint

---

3      Section 1915A permits screening where the plaintiff is a prisoner and the defendant is a governmental entity. As plaintiff has attempted to sue a number of private law firms without providing specifics, it appears that such inclusion in this action attacking the conditions of his confinement is spurious.

-8-

may be frivolous where it "lacks an arguable basis ... in fact." Id. at 325. Section 1915A permits federal courts "to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." See Denton v. Hernandez, 504 U.S. 25, 32 (1992) (citing Neitzke, 490 U.S. at 327). In Neitzke, the Court stated:

> [e]xamples of the former class [inarguable in law] are claims against which it is clear that the defendants are immune from suit ... and claims of infringement of a legal interest which clearly does not exist.... Examples of the latter class [inarguable in fact] are claims describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar.

Id. at 327-328. The Court of Appeals for the Fourth Circuit has also held that

> [t]he word 'frivolous' is inherently elastic and not susceptible to categorical definition.... The term's capaciousness directs lower courts to conduct a flexible analysis, in light of the totality of the circumstances, of all factors bearing upon the frivolity of a claim.

Nagy v. Fed. Med. Ctr. Butner, 376 F.3d 252, 256–57 (4th Cir. 2004) (some internal quotation marks omitted). Further, the appellate court has held that in making a frivolity determination, the court may "apply common sense." Nasim v. Warden, Md. House of Correction, 64 F.3d 951, 954 (4th Cir. 1995).

Reading all of the allegations in this lawsuit together and applying common sense, it is clear to the court that the claims asserted in the Supplemental Complaint, the Complaint, and elsewhere in plaintiffs' paper writings are frivolous as they lack any arguable basis in fact or law. Indeed, the conclusory nature of the allegations – unsupported by any specifics as to the facts which inform what would normally be serious claims – convinces the court that the claims are without basis in law or fact because plaintiff's contentions contain no discernable facts that are in any way tied to established law. Thus, the court will also dismiss this action as frivolous.

## 2. Maliciousness

Among a host of other issues, plaintiff is primarily unhappy with the ongoing criminal prosecution, the initial finding of his incompetence to proceed to trial, and the resulting hospitalization at Butner in an attempt to restore his competence. A complaint is malicious when it contains allegations which the plaintiff knows to be false, it is a part of a longstanding pattern of abusive and repetitious lawsuits, it contains disrespectful or abusive language, or it duplicates allegations of another federal lawsuit by the same plaintiff. See In re Tyler, 839 F.2d 1290, 1293 (8th Cir.1988); Owens v. Simmons, 2014 WL 5824964, at *2 (S.D.W. Va. Nov. 10, 2014); Abraham v. Danberg, 699 F.Supp.2d 686, 688 (D. Del. 2010). Here, this lawsuit is not just part of a pattern of abusive and repetitive lawsuits, it appears to be an aggregation of previous abusive lawsuits dismissed by this and other courts. Ultimately, it is an end-run around the pre-filing injunction entered by another judge in this district. The court finds that when the allegations in the Supplemental Complaint and the Complaint (as well as the other pleadings) are read alongside the claims and Orders filed in plaintiff's other actions, this action is clearly malicious as it is part of a pattern of abusive and repetitive lawsuits and duplicates allegations previously made and disposed of by this and other courts. Thus, the court will also dismiss this action as malicious.

## ORDER

**IT IS, THEREFORE, ORDERED** that after initial review under Section 1915A, the court **DISMISSES WITH PREJUDICE** this action in its entirety under Sections 1915A(b)(1) and (2).

MAX O. COGBURN, JR.
UNITED STATES DISTRICT JUDGE

-10-